In the Matter of FREDERICK M. DELL, JR., an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.

Third Department, October 15, 1969.

*Paul C. Gouldin* for petitioner.

*Joseph F. Barbano* for respondent.

*Per Curiam.* Respondent was admitted to practice on December 9, 1957 in the First Judicial Department. He is charged with professional misconduct in five specifications. The Referee appointed to take testimony reports that four of the five charges have been sustained by a fair preponderance of the evidence; and the petitioner has moved to confirm the Referee's report.

Of the four charges which the Referee sustained, respondent takes no exception to the findings in charges II and V. The evidence in charge II establishes that respondent collected $2,100 for a client on October 20, 1966 which he refused to pay over, and, indeed, denied to his client that the account had been collected, until June 21, 1968, three days prior to the institution of the present proceeding. The evidence in charge V establishes that on March 7, 1968 respondent was convicted after a trial of the misdemeanor of selling alcoholic beverages to two boys of minor age.

Of the contested charges, the Referee has found, with respect to charge I, that respondent breached an escrow agreement in August, 1966 in a real property closing, and converted $143.95 of the escrow fund. With respect to charge III, the Referee reports that in September, 1966 respondent breached a second escrow agreement and converted $451.90 which had been paid to him by a client to make restitution on a bad check. The creditors for whom the escrow funds were created in both transactions remain unpaid.

The Referee's findings in each of the specifications have ample support in the record, and his report should be confirmed in all respects. The proof of guilt is clear and compelling. The gravity and diversity of respondent's derelictions in his professional and fiduciary responsibilities are likewise clear and

require no elaboration. The public interest requires that his license to practice law be revoked.

The respondent should be disbarred.

HERLIHY, P. J., REYNOLDS, STALEY, JR., GREENBLOTT and COOKE, JJ., concur.

Respondent disbarred.